**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| THGH Liquidating LLC, *et al.*, | Case No. 19-11689 (JTD)<br>Jointly Administered |
| Liquidating Debtors.[1] | |
| WILLOW TREE CONSULTING GROUP, LLC, LIQUIDATING TRUSTEE OF THE TH LIQUIDATING TRUST, | |
| Plaintiff, | Adv. Pro. No. _____ |
| v. | |
| CHRISTOPHER GROTTENTHALER, INDIVIDUALLY AND AS TRUSTEE OF THE GROBERRY FAMILY TRUST, CHRISTIAN RICHARDS, MICHAEL OSTERHOFF, INDIVIDUALLY AND AS TRUSTEE OF THE MICHAEL OSTERHOFF REVOCABLE TRUST, GARY SMITH, KENNETH JOHNSON, CAROL NELLIS, LARRY R. COVERT, FERNANDO DE LEON, TIMOTHY TATAROWICZ, TOM D. WIPPMAN, TRUE HEALTH DIAGNOSTIC MANAGEMENT, LLC, JENNIFER BARRY GROTTENTHALER, INDIVIDUALLY AND AS TRUSTEE OF THE LIL FAMILY TRUST, DANIEL GROTTENTHALER, CLG INVESTMENTS, LLC, CLG CAPITAL, LLC, SOUTH DAKOTA TRUST COMPANY, LLC TRUSTEE OF THE GROTTENTHALER 2017 IRREVOCABLE TRUST, JENNIFER | |

---

[1]     The Liquidating Debtors in these cases, along with the last four digits of each Liquidating Debtors' federal EIN, are as follows: THGH Liquidating LLC f/k/a THG Holdings LLC (8292); THGL Liquidating LLC f/k/a True Health Group LLC (9158); THCL Liquidating LLC f/k/a True Health Clinical LLC (5272); THDL Liquidating LLC f/k/a True Health Diagnostics LLC (9452); THIP Liquidating LLC f/k/a True Health IP LLC (5427); THOM Liquidating LLC f/k/a Outreach Management Solutions LLC d/b/a True Health Outreach (9424); THHC Liquidating LLC f/k/a Health Core Financial LLC d/b/a True Health Financial (6614). The Liquidating Debtors' mailing address is TH Liquidating Trust, 2700 Patriot Boulevard, Suite 250, Glenview, Illinois 60026.

GROTTENTHALER 2019 IRREVOCABLE TRUST AND JBG IRREVOCABLE TRUST, ROBERT OSTERHOFF, COVERT INVESTMENT OPERATIONS, LLC, LCG VENTURES, LLC, LCG VENTURES II, LLC, ALBA DURATA, LLC, JACOB J. NOVAK, KAREN MILLER, ANCELMO E. LOPES, RJ INVESTMENTS CO., ALEXANDRA NETTESHEIM, MATTHEW G. MILBURN, BLAKE WHITAKER, MELINDA J. MILBURN, MICHAEL CLEMENTS, RYAN M. NELLIS, EDWARD M. MCCANN, CHRISTOPHER W. KLING, BRUCE A. ZIVIAN, TIMOTHY HICKEY, DANA MORGAN-HOVIND, MARK T. SMITH, MOHIT KHAN, AND KENT R. MITCHELL,

Defendants.

## COMPLAINT FOR DECLARATORY JUDGMENT CONCERNING ASSETS OF THE TH LIQUIDATING TRUST UNDER THE CONFIRMED PLAN

The trustee (the "Liquidating Trustee") of the TH Liquidating Trust (the "Liquidating Trust"), established in the chapter 11 cases of the above-captioned liquidating debtors (each, a "Liquidating Debtor" and together, the "Liquidating Debtors") by the *Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation Proposed by the Debtors, DIP Agent and Official Committee of Unsecured Creditors* (D.I. 531-1) (as amended, modified, supplemented and confirmed, the "Plan") alleges as follows:

### NATURE OF ACTION

1.      The Liquidating Trustee brings this action in connection with a lawsuit (the "D&O Action") seeking to recover losses suffered by the Liquidating Debtors and Liquidating Debtors' creditors that is currently pending in the District Court of Dallas County, Texas (the "Texas Court"). The Plaintiff's Third Amended Petition, which commenced the D&O Action currently

pending in the Texas Court, is attached hereto as **Exhibit A**.  The named defendants in this action are the same defendants in the D&O Action (the "D&O Defendants").

2.      Pursuant to Section 9.22 of the Plan and associated assignment agreements, certain Assigning Creditors (as defined in the Plan) assigned to the Liquidating Trustee and the Liquidating Trust their Creditor Causes of Action (as defined in Section 1.31 of the Plan).  Causes of Action 13 through 18 in the D&O Action are based upon these Creditor Causes of Action with the balance of the causes of action being Causes of Action of the Liquidating Debtors.

3.      Previously, in another lawsuit in Texas state court, the Liquidating Trustee, on behalf of the Liquidating Trust, filed suit against the Liquidating Debtors' prepetition lawyers, Perkins Coie LLP ("Perkins").  Similar to the D&O Action, the Liquidating Trustee was pursuing both the Liquidating Debtors' causes of action as well as certain Creditor Causes of Action against Perkins.  In that lawsuit, Perkins moved for summary judgment on numerous grounds, including that (a) the original assignment agreement expressly excluded causes of action against Perkins; (b) the original assignment agreement was executed after the purported deadline for assigning such Creditor Causes of Action; (c) the original assignment agreement improperly modified the Debtors' Plan; and (d) the amended assignment agreement did not cure any of the alleged forgoing defects.  After hearing argument, the Texas state court granted Perkins summary judgment, although the Texas state court did not state on what basis she was granting the Perkins' summary judgment motion.  The transcript of the hearing is attached hereto as **Exhibit B**.

4.      On September 2, 2022, the D&O Defendants filed a motion for summary judgment on largely the same grounds as Perkins, notwithstanding that it is unclear on what grounds the Texas state court granted Perkins summary judgment.  The Texas state court has not yet considered the D&O Defendants' motion for summary judgment.

5.     The Liquidating Trustee brings this action to confirm that the Creditor Causes of Action against the D&O Defendants are Liquidation Trust Assets and that the Liquidation Trustee has the authority to assert the Creditor Causes of Action in the D&O Action on behalf of the Liquidation Trust and its beneficiaries under the Plan.

## JURISDICTION

6.     This is an adversary proceeding brought pursuant to Federal Rule of Bankruptcy Procedure 7001.

7.     This Court has jurisdiction over the claims raised in this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.  This adversary proceeding is a "core proceeding" within the meaning of 28 U.S.C. § 157(b)(2).

8.     Furthermore, this Court has continuing jurisdiction over the Plan as set forth in section 14.1 of the Plan, which provides, in part:

> **Retention of Jurisdiction**. Notwithstanding confirmation of this Plan or occurrence of the Effective Date, and except as otherwise provided by applicable law, the Court shall retain such jurisdiction as is legally permissible, including for the following purposes:
> * * *
> (f) To resolve any disputes arising under or related to the implementation, execution, consummation or interpretation of this Plan and the making of Distributions hereunder;
> * * *
> (l) To enable the Liquidating Trustee to prosecute any and all proceedings to set aside Liens and to recover any transfers, assets, properties or damages to which the Estates may be entitled under applicable provisions of the Bankruptcy Code or any other federal, state or local laws except as may be expressly waived pursuant to this Plan;
> * * *
> (s) To resolve any disputes concerning any exculpation of a nondebtor hereunder or the injunction against acts, employment of process or actions against such non-debtor arising hereunder

Plan § 14.1.

9.     Venue is proper before this Court pursuant to 28 U.S.C. §1409.

## PARTIES

10.     Plaintiff Willow Tree Consulting Group, LLC, an Illinois limited liability company, is the Liquidating Trustee of the Liquidating Trust pursuant to the Plan.

11.     Defendant Christopher Grottenthaler ("Grottenthaler") is an individual and citizen of the State of Texas and the former Chief Executive Officer, shareholder and member of the Board of Managers of the Liquidating Debtors.

12.     Defendant Christian Richards ("Richards") is an individual who is a resident of the State of Virginia and the former Chief Financial Officer and shareholder of the Liquidating Debtors.

13.     Defendant Michael Osterhoff ("Osterhoff") is an individual who is a resident of the State of Missouri and the former General Counsel and shareholder of the Liquidating Debtors and the Trustee of the Michael Osterhoff Revocable Trust.

14.     Defendant Gary Smith ("Smith") is an individual and citizen of the State of Texas and is the former Chief Operating Officer, shareholder, and interim Chief Compliance Officer of the Liquidating Debtors.

15.     Defendant Kenneth Johnson ("Johnson") is an individual and citizen of the State of Texas and the former Chief Medical Officer and shareholder of the Liquidating Debtors.

16.     Defendant Carol Nellis ("Nellis") is an individual and citizen of the State of Georgia and the former Senior Vice President of Sales and shareholder of the Liquidating Debtors.

17.     Defendant Larry Richard Covert ("Covert") is an individual and citizen of the State of Texas and is the former Chairman of the Board of Managers and shareholder of the Liquidating Debtors

18.     Defendant Fernando de Leon ("de Leon") is an individual and citizen of the State of Texas and former member of the Board of Managers and shareholder of the Liquidating Debtors.

19.     Defendant Timothy Tatarowicz ("Tatarowicz"), aka Tim Tate, is an individual and citizen of the State of Texas and former member of the Board of Managers and shareholder of the Liquidating Debtors.

20.     Defendant Tom David Wippman ("Wippman") is an individual and citizen of the State of Illinois and former member of the Board of Managers and shareholder of the Liquidating Debtors.

21.     Defendant True Health Diagnostic Management, LLC ("THD Management, LLC") is a Delaware LLC, solely owned by Grottenthaler, and formerly acted as the manager of the Liquidating Debtors.

22.     Defendant Blake Whitaker ("Whitaker") is an individual and citizen of the State of Texas and former Senior Vice President of Sales and Marketing and shareholder of the Liquidating Debtors.

23.     Defendant Mohit Khan ("Khan") is an individual and citizen of the State of Virginia and former Chief Operations Officer and shareholder of the Liquidating Debtors.

24.     Defendant Kent R. Mitchell ("Mitchell") is an individual and citizen of the State of Texas and former Chief Scientific Officer and shareholder of the Liquidating Debtors.

25.     Collectively, Grottenthaler, Richards, Osterhoff, Smith, Johnson, Nellis, Covert, de Leon, Tatarowicz, Wippman, THD Management, LLC, Whitaker, Khan, and Mitchell are hereinafter referred to as the Director and Officer Defendants (the "D&O Defendants").

26.     Defendant Jennifer Barry Grottenthaler is an individual and citizen of the State of Texas and is the Trustee of the LIL Family Trust.

6

27.     Defendant Daniel Grottenthaler is an individual and citizen of the State of South Carolina and former shareholder of the Liquidating Debtors.

28.     Defendant CLG Investments, LLC ("CLG Investments") is a Delaware limited liability company that was formed by Defendant Grottenthaler and received transfers from the Liquidating Debtors.

29.     Defendant CLG Capital, LLC ("CLG Capital") is a Delaware limited liability company and received transfers from the Liquidating Debtors.

30.     Defendant South Dakota Trust Company LLC ("SD Trust Co.") is named in its capacity as the Trustee of the Grottenthaler 2017 Irrevocable Trust, the Jennifer Grottenthaler 2019 Irrevocable Trust, and the JBG Irrevocable Trust and such trusts received transfers from the Liquidating Debtor.

31.     Defendant Robert Osterhoff is an individual and citizen of the State of Missouri and former shareholder of the Liquidating Debtors.

32.     Defendant Covert Investment Operations, LLC ("Covert Investment") is a Texas limited liability company believed to be solely owned by Covert and received transfers from the Liquidating Debtors..

33.     Defendant LCG Ventures, LLC ("LCG Ventures") is believed to be owned by de Leon and received transfers from the Liquidating Debtors.

34.     Defendant LCG Ventures II, LLC ("LCG Ventures II") is believed to be owned by de Leon and received transfers from the Liquidating Debtors.

35.     Defendant Alba Durata, LLC ("Alba Durata") is a Texas limited liability company believed to be owned solely by Tatarowicz and received transfers from the Liquidating Debtors.

36.     Defendant Jacob John Novak ("Novak") is an individual and citizen of the State of Texas and former shareholder of the Liquidating Debtors.

37.     Defendant Karen Miller ("Miller") is an individual and citizen of the State of West Virginia and former shareholder of the Liquidating Debtors.

38.     Defendant Ancelmo E. Lopes ("Lopes") is an individual and citizen of the State of Maryland and former shareholder of the Liquidating Debtors.

39.     Defendant RJ Investments Co. ("RJ Investments") is, upon information and belief, a foreign business entity and received transfers from the Liquidating Debtors.

40.     Defendant Alexandra Nettesheim ("Nettesheim") is an individual and citizen of the State of Georgia and former shareholder of the Liquidating Debtors.

41.     Defendant Matthew G. Milburn ("M.G. Milburn") is an individual and citizen of the State of Missouri and former shareholder of the Liquidating Debtors.

42.     Defendant Melinda L. Milburn ("M.L. Milburn") is an individual and citizen of the State of Texas and former shareholder of the Liquidating Debtors.

43.     Defendant Michael Clements ("Clements") is an individual and citizen of the State of Minnesota and former shareholder of the Liquidating Debtors.

44.     Defendant Ryan M. Nellis ("R. Nellis") is an individual and citizen of the State of Minnesota and former shareholder of the Liquidating Debtors.

45.     Defendant Edward M. McCann ("McCann") is an individual and citizen of the State of Illinois and former shareholder of the Liquidating Debtors.

46.     Defendant Christopher W. Kling ("Kling") is an individual and citizen of the State of Missouri and former shareholder of the Liquidating Debtors.

47.     Defendant Bruce A. Zivian ("Zivian") is an individual and citizen of the State of Illinois and former shareholder of the Liquidating Debtors.

48.     Defendant Timothy Hickey ("Hickey") is an individual and citizen of the State of Illinois and former shareholder of the Liquidating Debtors.

49.     Defendant Dana Morgan-Hovind ("Hovind") is an individual and citizen of the State of Texas and former shareholder of the Liquidating Debtors.

50.     Defendant Mark T. Smith ("Mark Smith") is an individual and citizen of the State of Illinois and former shareholder of the Liquidating Debtors.

51.     The Defendants enumerated in Paragraphs 25 through 49, as well as Grottenthaler in his capacity as trustee of the Groberry Family Trust, are hereinafter collectively referred to as the Shareholder and Transferee Defendants (the "S&T Defendants").

52.     The D&O Defendants and the S&T Defendants are hereinafter collectively referred to as the Defendants (the "Defendants" and previously defined as the "D&O Defendants").

## PROCEDURAL AND FACTUAL BACKGROUND

### I.     The Bankruptcy Cases

53.     On July 30, 2019 (the "Petition Date"), the Liquidating Debtors each commenced a voluntary case under the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").

54.     On October 4, 2019, the Liquidating Debtors, the administrative agent for their senior secured lenders, and the official committee of unsecured creditors appointed in these chapter 11 cases proposed the Plan and its combined disclosure statement.

55.     On November 8, 2019, the Liquidating Debtors filed certain documents (D.I. 453) (the "Plan Supplement") as contemplated by the Plan, including that certain *Liquidating Trust*

*Agreement* (as amended, modified, supplemented, and confirmed, the "Liquidating Trust Agreement"), attached as Exhibit A to the Plan Supplement, and including a form *Creditor Cause of Action Assignment Agreement* (the "Form Assignment Agreement"), attached as Exhibit C to the Plan Supplement.

56.     On November 27, 2019, the Court entered an order (D.I. 531) (the "Confirmation Order") approving the combined disclosure statement to the Plan as containing adequate information on a final basis and confirming the Plan.

## II.    Certain Provisions of the Confirmed Plan Related to Creditor Causes of Action

57.     Pursuant to the confirmed Plan and the Liquidating Trust Agreement, the Liquidating Trust was created and empowered to act through the Liquidating Trustee as of the Effective Date. *See* Plan §§ 9.3, 9.4.

58.     On December 6, 2019, the Effective Date occurred, the Plan became "effective," and the Liquidating Trust was created to hold, manage, administer, and liquidate the Liquidating Trust Assets at the direction of the Liquidating Trust. *See* Plan § 9.4.

59.     The Liquidating Trust Agreement provides that the purpose of the Liquidating Trust is to "implement the Plan on behalf, and for the benefit, of the Liquidating Trust Beneficiaries, and to serve as a mechanism for liquidating (including the investigation, prosecution, or settlement of the Litigation Assets), converting to Cash, and distributing the Liquidating Trust Assets." *See* Liquidating Trust Agreement § 1.2.

60.     The Liquidating Trust Agreement allows for the Liquidating Trust to liquidate its assets "through the prosecution, compromise and settlement, abandonment, or dismissal of any or all claims, rights or causes of action of the Liquidating Trust." *See* Liquidating Trust Agreement § 1.6.

61.     Under the Plan, the Liquidating Trust Assets include "all property of the Estates as of the Effective Date, including, without limitation, the Residual Assets and the Litigation Assets **and any other assets and property acquired by the Liquidating Trust on or after the Effective Date**." *See* Plan § 1.81 (emphasis added).

62.     These Liquidating Trust Assets include "Creditor Causes of Action" contributed to the Liquidating Trust by "Assigning Creditors" as assets acquired by the Liquidating Trust on the Effective Date.  Specifically, section 9.22 of the Plan—titled "Assignment of Creditor Causes of Action"—provides that:

> **On the Effective Date, and without further order of the Bankruptcy Court, the Creditor Causes of Action owned by Assigning Creditors shall be assigned or otherwise transferred to the Liquidating Trust** for the purpose of commencing, prosecuting, settling, releasing, and/or liquidating the Creditor Causes of Action for the benefit of Liquidating Trust Beneficiaries. **All such Creditor Causes of Action of Assigning Creditors shall be treated as Litigation Claims.**

Plan § 9.22(a) (emphasis added).  A cause of action constitutes a "Creditor Causes of Action" under the Plan if it:

> may be asserted by or on behalf of a Holder of a Claim arising from or related to the Debtors or their business practices, whether arising prior to or after the Petition Date. Notwithstanding the foregoing and for the avoidance of doubt, Creditor Causes of Action shall not include any Cause of Action that is property of the Debtors, or their Estates.

*See* Plan § 1.31.  And under the Plan an Assigning Creditor is one who:

> owns one or more Creditor Causes of Action and who (i) on its Ballot affirmatively elects to assign or transfer such Creditor Causes of Action to the Liquidating Trust, and/or (ii) within sixty (60) days after the Effective Date, **or within such longer time period as may be approved by the Liquidating Trustee**, executes an assignment agreement, in form and substance satisfactory to the Liquidating Trustee, assigning such Creditor Causes of Action to the Liquidating Trust.

*See* Plan § 1.9 (emphasis added).  The Confirmation Order then provides that such "Creditor Causes of Action shall be assigned to the Liquidating Trust on the Effective Date."  Confirmation Order ¶ 26.

63.    The definition of the term "Litigation Assets" in the Plan provides that such assets include:

> (a) all claims, rights, or other Causes of Action of any kind belonging to the Estates, but not claims to recover amounts owed to the Debtors by CMS, and (b) **all Creditor Causes of Action with respect to which the Holder has affirmatively elected on its Ballot to assign or transfer such claims and Causes of Action to the Liquidating Trust, and/or *within sixty (60) days after the Effective Date, or within such longer time period set forth in an order of the Court*, executes an assignment agreement, in form and substance satisfactory to the Liquidating Trustee, assigning such claims and causes of action to the Liquidating Trustee**; provided, further, that Litigation Assets shall not include preferential transfer claims that may be brought against any Entity that is not an Insider of the Debtors. For the avoidance of doubt, Medicare Claims to recover amounts owed to one or more of the Debtors by CMS shall be Residual Assets not Litigation Assets.

Plan § 1.89 (emphasis added).  The term "Residual Assets" in the Plan provides that such assets include:

> all property of the Estates that have not been sold, transferred, assigned or disposed of as of the Effective Date, including without limitation equipment, inventory, prepaid expenses (including utility deposits, unearned insurance premiums, and tax and other refunds), intellectual property, accounts and accounts receivable (including the proceeds of the Medicare Administrative Appeal and all Medicare Claims that may be asserted by or on behalf of the Debtors or their Estates); provided, however, that **Residual Assets shall not include** (a) the Cash necessary to establish Reserves and Distributions to Holders of Allowed Claims, in accordance with the terms of this Plan, or (b) **the Litigation Assets**.

Plan § 1.132 (emphasis added).

### III.    The Texas Litigation with the Defendants

64.    In accordance with the terms of the Plan and the Confirmation Order, the Liquidating Trust entered into an assignment agreement (attached hereto as **Exhibit C**) (the

"Assignment Agreement") with Monroe Capital and Silver Point (collectively, the "Assigning Creditors") based upon the Form Assignment Agreement on or about January 25, 2021.

65.     The Liquidating Trust later entered into an amended assignment agreement (the "Amended Assignment Agreement," and with the Assignment Agreement, the "Assignment Agreements") on or about November 11, 2021 with the Assigning Creditors.

66.     Pursuant to the Assignment Agreements, the Creditor Causes of Action of the Assigning Creditors were assigned to the Liquidating Trust, effective as of the Effective Date of the Plan.

67.     On January 26, 2021, the Liquidating Trust filed a lawsuit against the Defendants which, in counts 13 through 18, included assertions of the Assigning Creditors' Creditor Causes of Action.  The Assigning Creditors' Creditor Causes of Action in the lawsuit allege, among other things, negligent misrepresentation, actual fraud, fraud by omission, actual and constructive fraudulent transfers under state law, and avoidance of transfers to insiders against the D&O Defendants and the S&T Defendants.

68.     The Defendants are currently seeking dismissal of the Assigning Creditors' Creditor Causes of Action on the theory that the assignments were not authorized by, or somehow ineffective under, the Plan and were not properly assigned to the Liquidating Trust.   The Defendants' motion is attached hereto as **Exhibit D** (the "Defendants' Motion").

## COUNT I

### Declaratory Judgment - The Assigning Creditors' Creditor
### Causes of Action Are A Litigation Asset

69.     The Liquidating Trustee incorporates all preceding paragraphs as if fully set forth herein.

70.     The Declaratory Judgment Act, 28 U.S.C. § 2201, provides that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration . . . ."

71.     The Assigning Creditors assigned their Creditor Causes of Action to the Liquidating Trust pursuant to the Assignment Agreements, the Plan and Confirmation Order.

72.     The Assigning Creditors' Creditor Causes of Action are subject to section 9.22 of the Plan, which provides, in part, that "[a]ll such Creditor Causes of Action of Assigning Creditors shall be treated as Litigation Claims."

73.     The term "Litigation Claim" in section 9.22 should be read to mean "Litigation Asset" as used elsewhere in the Plan.

74.     Pursuant to section 9.22 of the Plan, all Creditor Causes of Action of Assigning Creditors, whenever assigned, are to be treated as Litigation Assets under the Plan.

75.     There is an actual and substantial controversy of sufficient immediacy to warrant declaratory relief under the Declaratory Judgment Act, 28 USC § 2201.

76.     The Liquidating Trustee requests that the Court enter a declaratory judgment stating that (a) the Assigning Creditors assigned their Creditor Causes of Action against the D&O Defendants to the Liquidating Trust pursuant to the Assignment Agreements, the Plan and Confirmation Order, (b) the Assigning Creditors' Creditor Causes of Action against the D&O

Defendants are Litigation Assets under the Plan, and (c) the Liquidating Trustee is authorized to prosecute the Litigation Assets against the D&O Defendants under the Plan.

## COUNT II

**Declaratory Judgment – In the Alternative, the Assigning Creditors' Creditor Causes of Action Are A Residual Asset**

77.     The Liquidating Trustee incorporates all preceding paragraphs as if fully set forth herein.

78.     The Declaratory Judgment Act, 28 U.S.C. § 2201, provides that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration . . . ."

79.     The Assigning Creditors assigned their Creditor Causes of Action to the Liquidating Trust pursuant to the Assignment Agreements, the Plan and Confirmation Order.

80.     If the Assigning Creditors' Creditor Causes of Action are not Litigation Assets under the Plan, they are Residual Assets under the Plan.

81.     The Liquidating Trust, through the Liquidating Trustee, is authorized to prosecute the Residual Assets under the Plan.

82.     There is an actual and substantial controversy of sufficient immediacy to warrant declaratory relief under the Declaratory Judgment Act, 28 USC § 2201.

83.     The Liquidating Trustee requests that the Court enter a declaratory judgment stating that (a) the Assigning Creditors assigned their Creditor Causes of Action against the D&O Defendants to the Liquidating Trust pursuant to the Assignment Agreements, the Plan and Confirmation Order, (b) the Assigning Creditors' Creditor Causes of Action against the D&O

Defendants are Residual Assets under the Plan, and (c) the Liquidating Trustee is authorized to prosecute the Residual Assets against the D&O Defendants under the Plan.

**COUNT III**

**Declaratory Judgment - The Assigning Creditors' Creditor
Causes of Action Are Liquidating Trust Assets**

84.     The Liquidating Trustee incorporates all preceding paragraphs as if fully set forth herein.

85.     The Declaratory Judgment Act, 28 U.S.C. § 2201, provides that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration . . . ."

86.     The Assigning Creditors assigned their Creditor Causes of Action to the Liquidating Trust pursuant to the Assignment Agreements, the Plan and Confirmation Order.

87.     Regardless of whether the Assigning Creditors' Creditor Causes of Action are Litigation Assets or Residual Assets, they are Liquidating Trust Assets under the Plan.

88.     The Liquidating Trust, through the Liquidating Trustee, is authorized to prosecute the Assigning Creditors' Creditor Causes of Action under the Plan.

89.     There is an actual and substantial controversy of sufficient immediacy to warrant declaratory relief under the Declaratory Judgment Act, 28 USC § 2201.

90.     The Liquidating Trustee requests that the Court enter a declaratory judgment stating that (a) the Assigning Creditors assigned their Creditor Causes of Action against the D&O Defendants to the Liquidating Trust pursuant to the Assignment Agreements, the Plan and Confirmation Order, (b) the Assigning Creditors' Creditor Causes of Action against the D&O Defendants are Liquidating Trust Assets under the Plan, and (c) the Liquidating Trustee is

16

authorized to prosecute the Assigning Creditors' Creditor Causes of Action against the D&O Defendants under the Plan.

## PRAYER FOR RELIEF

91.     WHEREFORE, the Liquidating Trustee respectfully requests that the Court enter judgment against the Defendants and order that:

A.      (1) the Assigning Creditors assigned their Creditor Causes of Action against the D&O Defendants to the Liquidating Trust pursuant to the Assignment Agreements, the Plan and Confirmation Order, (2) the Assigning Creditors' Creditor Causes of Action against the D&O Defendants are Litigation Assets under the Plan, and (3) the Liquidating Trustee is authorized to prosecute the Litigation Assets against the D&O Defendants under the Plan; OR

B.      (1) the Assigning Creditors assigned their Creditor Causes of Action against the D&O Defendants to the Liquidating Trust pursuant to the Assignment Agreements, the Plan and Confirmation Order, (2) the Assigning Creditors' Creditor Causes of Action against the D&O Defendants are Residual Assets under the Plan, and (3) the Liquidating Trustee is authorized to prosecute the Residual Assets against the D&O Defendants under the Plan; OR

C.      (1) the Assigning Creditors assigned their Creditor Causes of Action against the D&O Defendants to the Liquidating Trust pursuant to the Assignment Agreements, the Plan and Confirmation Order, (2) the Assigning Creditors' Creditor Causes of Action against the D&O Defendants are Liquidating Trust Assets under the Plan, and (3) the Liquidating Trustee is authorized to prosecute the Assigning Creditors' Creditor Causes of Action against the D&O Defendants under the Plan; AND

D.      granting to the Liquidating Trustee such other and further relief as the Court deems just and proper.

Dated:  September 13, 2022
       Wilmington, Delaware

          MORRIS, NICHOLS, ARSHT & TUNNELL LLP

          */s/ Daniel B. Butz*
          Derek C. Abbott (No. 3376)
          Curtis S. Miller (No. 4583)
          Daniel B. Butz (No. 4227)
          Taylor M. Haga (No. 6549)
          1201 N. Market Street, 16th Floor
          P.O. Box 1347
          Wilmington, Delaware 19899-1347
          Telephone: (302) 658-9200
          Facsimile: (302) 658-3989
          dabbott@morrisnichols.com
          cmiller@morrisnichols.com
          dbutz@morrisnichols.com
          thaga@morrisnichols.com

          *Counsel to the TH Liquidating Trust*